# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JUDY BUTLER MCHENRY, Administrator Of The Estate Of LEO E. BUTLER, <br><br> Plaintiff, <br><br> v. <br><br> COLGATE -PALMOLIVE COMPANY, INC., and FRANKLIN BURCH, Administrator of the Estate of Kenneth Lee Butler, <br><br> Defendants. <br><br> COLGATE PALMOLIVE COMPANY, INC., <br><br> Counterclaimant and Crossclaimant, <br><br> v. <br><br> JUDY BUTLER MCHENRY, Administrator Of The Estate Of LEO E. BUTLER, and FRANKLIN BURCH, Administrator of the Estate of Kenneth Lee Butler, <br><br> Counterdefendants. | Case No. 08-CV-2622-KHV |

## MEMORANDUM AND ORDER

Judy Butler McHenry, administrator of the Estate of Leo E. Butler, brings suit against Colgate Palmolive Company, Inc. and Franklin Burch, administrator of the Estate of Kenneth Lee Butler, seeking a declaratory judgment that (1) the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461 preempts state intestate succession laws, (2) an order from the District Court of Wyandotte County, Kansas cannot supersede a beneficiary designation by decedent Kenneth Lee Butler with respect to his ERISA pension plan, and (3) Colgate has properly determined

that plaintiff is the designated beneficiary of Kenneth Butler's pension plan and is entitled to the pension proceeds.[1] This matter is before the Court on the Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted And Lack Of Jurisdiction (Doc. #7) and the Motion To Dismiss Defendant Colgate Palmolive Company, Inc.'s Counterclaim And Crossclaim In Interpleader For Lack Of Jurisdiction (Doc. #15) which Franklin Burch filed March 2, and March 15, 2009, respectively, and plaintiff's Motion For Leave To File Amended Complaint (Doc. #23) filed April 17, 2009.[2]

With respect to the motions to dismiss, Burch asserts that because this action involves the same issues which were previously adjudicated by the District Court of Wyandotte County, Kansas, res judicata and the Rooker-Feldman doctrine compel dismissal of plaintiff's complaint and Colgate's counterclaim and cross-claim in interpleader. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and Dist. of Columbia Ct. of App. v. Feldman, 460 U.S. 462 (1983). Plaintiff seeks to amend her complaint under Rule 15(a), Fed. R. Civ. P., to add a request for relief under Rule 60(b) and make

---

[1] Originally, Leo E. Butler filed this action. See Complaint (Doc. #1). Butler died on April 30, 2009 and as special administrator for his estate, Judy Butler McHenry substituted herself as plaintiff. See Order (Doc. #27) filed June 24, 2009.

[2] On July 15, 2009, plaintiff filed Plaintiff's Supplemental Memorandum In Response And Opposition To Defendant Estate's Motion To Dismiss (Doc. #28). In effect, plaintiff's supplemental memorandum is a sur-reply to the motion to dismiss. On July 28, 2009, Burch filed Defendant Franklin Burch's Reply To Plaintiff's Supplemental Memorandum In Response (Doc. #39), which is also a sur-reply.

Under D. Kan Rule 7.1(b), parties are permitted to file a dispositive motion, a response and a reply. Sur-replies are typically not allowed. See King v. Knoll, 399 F. Supp.2d 1169, 1173-74 (D. Kan. 2005). In rare cases when a movant improperly raises new arguments in a reply, sur-replies are permitted, but not without leave of court. Id. at 1174. Plaintiff filed her "supplemental response" because she had conducted additional research and concluded that the Probate Court of Wyandotte County, Kansas lacked subject matter jurisdiction under ERISA. Plaintiff had already argued this point in her original opposition to Burch's motion to dismiss. This argument did not justify a sur-reply, and the Court therefore disregards plaintiff's supplemental memorandum and Burch's reply thereto.

-2-

related allegations that the state court lacked subject matter jurisdiction and that its decision was procured by fraud and mistake. For reasons stated below, all three motions are overruled.

## I.    **Legal Standards**

### A.    Rule 12(b)(1) Dismissal

Rule 12(b)(1), Fed. R. Civ. P., governs motions to dismiss for lack of subject matter jurisdiction. Rule 12(b)(1) motions generally take the form of facial attacks on the complaint or factual attacks on the accuracy of its allegations. Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir.1995) (citing Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir.1990)). In a facial challenge, the district court must accept the allegations of the complaint as true. Stuart v. Colo. Interstate Gas Co., 271 F.3d 1221, 1225 (10th Cir. 2001). In a factual challenge, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction is based. Id. Courts may exercise jurisdiction only when specifically authorized to do so, see Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir. 1994), and must "dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." Scheideman v. Shawnee County Bd. of County Comm's, 895 F.Supp. 279, 280 (D. Kan. 1995) (citing Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir.1974)); Fed. R. Civ. P. 12(h)(3). Because federal courts are courts of limited jurisdiction, the law imposes a presumption against jurisdiction. Marcus v. Kan. Dep't of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999). Plaintiff bears the burden of showing that jurisdiction is proper, see id., and must demonstrate that the case should not be dismissed, see Jensen v. Johnson County Youth Baseball League, 838 F.Supp. 1437, 1439-40 (D. Kan. 1993). Conclusory allegations of jurisdiction are not enough. Id.

B.     Rule 12(b)(6) Dismissal

In ruling on defendant's motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court assumes as true all well-pleaded factual allegations and then determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible – and not merely conceivable – on its face. Id.; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 129 S. Ct. at 1950.

The Court, however, need not accept as true those allegations which state only legal conclusions. See id.; Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff bears the burden to frame her complaint with enough factual matter to suggest that she is entitled to relief; it is not enough for her to make threadbare recitals of a cause of action accompanied by mere conclusory statements. Twombly 550 U.S. at 556. Plaintiff makes a facially plausible claim when she pleads factual content from which the Court can reasonably infer that defendants are liable for the misconduct alleged. Iqbal, 129 S. Ct. at 1949. Plaintiff must show more than a sheer possibility that defendants have acted unlawfully – it is not enough to plead facts that are "merely consistent with" defendants' liability. Id. (quoting Twombly, 550 U.S. at 557). A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand. Id. Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but not "shown" – that the pleader is entitled to relief. Id. at 1950. Finally, the degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2) depends upon the type of

case. Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 232-32 (3d. Cir. 2008)).

      C.     Rule 15(a) Standards For Motions To Amend

The Court shall freely give leave "when justice so requires." Fed. R. Civ. P. 15(a)(2). Whether to grant leave to amend is a matter of discretion for the trial court. See Woolsey v. Marion Labs., Inc., 934 F.2d 1452, 1462 (10th Cir. 1991). The Court should normally refuse to grant leave to amend only upon a showing of futility, undue delay, undue prejudice to the non-moving party or bad faith of the moving party. See Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993) (citing Castleglen, Inc. v. Resolution Trust Corp., 984 F.2d 1571, 1585 (10th Cir. 1993)). A district court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or otherwise fails to state a claim. See Ketchum v. Cruz, 961 F.2d 916, 920 (10th Cir. 1992).

**Factual Background**

Plaintiff's complaint and the answer, counterclaim and cross-claim in interpleader of third-party plaintiff Colgate allege the following facts:

On October 21, 2006, Kenneth Lee Butler died intestate in Wyandotte County, Kansas. His son, Franklin Burch, was named administrator of his estate, which is currently pending in the District Court of Wyandotte County, Kansas, Case No. 06-P-268. At the time of his death, Kenneth Butler worked for Colgate and participated in its Employees' Retirement Income Plan ("the Plan"). Some years earlier, Kenneth Butler had designated Leo Butler (his father) and Jenny Butler (his mother) as beneficiaries of his Plan benefits upon his death. Jenny predeceased her son, so Colgate distributed all Plan benefits – except those available under a special retirement program – to Leo Butler as sole surviving designated beneficiary.

The special retirement program provided additional benefits but required Kenneth Butler to elect one of two benefit options. Kenneth Butler had not completed the election paperwork when he died, so Colgate asked Burch, as estate administrator, to make the election. Colgate advised Burch's attorney (Timothy Evans) that if the estate selected Option 1, it would disburse approximately $182,000: $127,000 in pension funds from the Plan to Leo Butler, plus severance pay of $54,000 to Kenneth Butler's estate. Under Option 2, it would disburse $240,000 in pension funds from the Plan to Leo Butler. A beneficiary designation form applied to the Plan disbursements, but not the severance pay disbursement.

On May 7, 2007, Burch filed a petition in the Probate Department of the District Court of Wyandotte County asking it to determine which election the Kenneth Butler estate should make and how the proceeds should be allocated between Leo Butler and the estate. Colgate was not a party to the proceedings. On June 28, 2007, the Probate Court held a hearing on Burch's petition which Burch and his attorney attended. Leo Butler did not attend, nor did his attorney. At the hearing the Estate selected Option 2, but instead of allocating that full $240,000 to Leo Butler consistent with the Plan, the court allocated $63,640.50 to Leo Butler and $176,359.50 to the estate. The court reasoned that under Option 1, Leo Butler and Jenny Butler would have split the $127,000 disbursement of pension funds and her share under Option 1 would have passed to Kenneth Butler's estate. As noted, however, because the estate selected Option 2 the Plan required the entire $240,000 to be paid to Leo Butler as the sole surviving designated beneficiary.

On July 9, 2007, attorney Diane Durbin entered an appearance in the probate case on behalf of Leo Butler, and on August 27, 2007, she filed a motion asking the District Court of Wyandotte County to set aside the probate court order. The district court held a hearing on October 25, 2007 and denied

the motion by order dated January 3, 2008. Burch then filed a motion asking the district court to clarify its order, so the court held another hearing on May 21, 2008. That day, the district court issued an amended order which identified Leo Butler as the "sole designated beneficiary" but restated its order of January 3 in all other respects.

On May 31, 2008, Leo Butler submitted a claim for payment of benefits to Colgate. Under the terms of the Plan, Colgate had to notify Leo Butler in writing within 90 days if it denied his claim. As of December 10, 2008 (when Leo Butler filed suit in this Court) Colgate had not notified plaintiff that his claim was denied and had not paid the claim. Colgate apparently has not paid the claim because (1) the Wyandotte County District Court names Leo Butler as the sole surviving designated beneficiary yet apportions benefits among Leo Butler and the Kenneth Butler estate, and apportionment of benefits would violate the Plan provisions; and (2) it has received conflicting claims for benefits from Leo Butler and the estate.

**Analysis**

**I.     Motions To Dismiss**

Burch, as Administrator of the Estate of Kenneth Butler, moves to dismiss plaintiff's claims for lack of subject matter jurisdiction under Rule 12(b)(1) and failure to state a claim under Rule 12(b)(6). Specifically, Burch asserts this Court lacks subject matter jurisdiction under Rooker-Feldman and in the alternative, that res judicata bars plaintiff's action because plaintiff's claims have been previously adjudicated by the District Court of Wyandotte County. Burch also seeks to dismiss Colgate's counterclaim and cross-claim in interpleader, asserting that the interpleader is based upon the complaint of Leo Butler and if the Court does not have jurisdiction to hear Leo Butler's claim, it also lacks jurisdiction over Colgate's interpleader action. Because the Court cannot determine whether the

underlying state court proceeding or orders are final under Kansas law, defendant's motions are overruled.

  **A.**  **The Rooker-Feldman Doctrine**

Burch asks the Court to dismiss plaintiff's claims and Colgate's counterclaims and cross-claim on the grounds that the claims are barred by Rooker-Feldman. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). It is beyond dispute that Rooker-Feldman is a jurisdictional prohibition. Dickerson v. Bates, 287 F. Supp.2d 1251, 1254 (D. Kan. 2003) (quoting Pittsburg County Rural Water Dist. No. 7 v. City of McAlester, 358 F.3d 694, 705 (10th Cir. 2004)). Under 28 U.S.C. § 1257, final judgments or decrees, rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari. Pittsburg County, 358 F.3d at 706. By negative inference, state court judgments may receive federal review only in the United State Supreme Court. Dickerson, 287 F. Supp.2d at 1254. Rooker-Feldman therefore "prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state court judgments rendered before the district court proceedings commenced." Mann v. Boatright, 477 F.3d 1140, 1446 (10th Cir. 2007). For purposes of Rooker-Feldman, state court proceedings are final when a party allows the time for appeal from a lower state-court judgment to lapse. Bear v. Patton, 451 F.3d 639, 642 (10th Cir. 2006).

The state court orders attached to the complaint reflect that the time to appeal the order of June 28, 2007 expired 30 days after its entry. See Docs. #1-11 at 4, 1-12 at 4. The record is silent however, as to whether the district court orders of January 3 and May 21, 2008 are appealable; if so, whether the time to appeal has run; and whether the state court has entered a "final judgment" in this matter. Indeed, the complaint affirmatively alleges that state probate proceedings remain pending. Accordingly, on this

record the Court cannot determine whether the state proceedings have ended and must overrule defendant's motion. Bear, 451 F.3d at 642-43.[3]

### B. Res judicata

Burch also asserts that the doctrine of res judicata bars plaintiff's claims. Res judicata is "a rule of fundamental and substantial justice that enforces the public policy that there be an end to litigation. By preventing repetitious litigation, application of res judicata avoids unnecessary expense and vexation for parties, conserves judicial resources, and encourages reliance on judicial action." May v. Parker-Abbott Transfer & Storage, Inc., 899 F.2d 1007, 1009 (10th Cir.1990). The full faith and credit provision of 28 U.S.C. § 1738 requires federal courts to give a state court judgment the same preclusive effect it would receive under the law of the state in which the judgment was rendered. Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81, 104 S.Ct.92, 79 L.Ed.2d 56 (1984). The preclusive effect of a state court decision on an action filed in federal court is a matter of state law. Weaver v. Boyles, 172 F.Supp.2d 1333, 1339 (D. Kan. 2001), aff'd, 26 Fed. Appx. 908, 2002 WL 220590 (10th Cir. Feb.13, 2002). This court therefore applies Kansas law to determine whether the doctrine of res judicata bars plaintiff's claims.[4]

---

[3] To the extent the state court proceedings remain pending, abstention questions may be appropriate. See, e.g. Reinhart v. Kelly, 164 F.3d 1296, 1302 (10th Cir. 1999). Abstention under Younger v. Harris, 401 U.S. 37 (1971), dictates that federal courts not interfere with state court proceedings by granting equitable relief, such as a declaratory judgment, when such relief could adequately be sought before the state court. Reinhart, 164 F.3d at 1302 (citing Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996)). Further, under Colorado River Water Conserv. Dist. v. United States, 424 U.S. 800 (1976), federal courts have the power to refrain from hearing cases which duplicate state court proceedings. Reinhart, 164 F.3d at 1302.

[4] Kansas law "does not appear to differ significantly from the federal law regarding preclusion doctrines [and] Kansas courts specifically look to Supreme Court and circuit law to decide application of the doctrines." Woodard v. Jefferson County, 18 Fed. Appx. 706, 712 (10th
(continued...)

Under Kansas law, the doctrine of res judicata includes both claim preclusion and issue preclusion, and requires a final judgment on the merits.[5] Jackson Trak Group ex rel. Jackson Jordan, Inc. v. Mid States Port Auth., 242 Kan. 683, 690-91, 751 P.2d 122, 128 (1988). Res judicata requires a prior final judgment on the merits. State v. Flores, 283 Kan. 380, 384 (2007). Claim preclusion prevents parties from relitigating a cause of action that has been finally adjudicated, and is founded on the principle that the party (or some other party in privity) has litigated or had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction. Jackson Trak, 242 Kan. at 690-91, 751 P.2d at 128 (citations omitted). Issue preclusion (collateral estoppel) prevents relitigation in a different claim of issues conclusively determined in a prior action. Id.

Burch does not specify whether he invokes claim or issue preclusion but as noted, the record is silent as to whether a "final judgment" exists in this matter. Therefore, the Court cannot determine whether res judicata applies and must overrule defendants' motions.

## II.     **Motion For Leave To Amend**

Under Rule 15(a), plaintiff seeks leave to file an amended complaint to add a request for relief under Rule 60(b) and make related allegations supporting her contentions that the state court lacked subject matter jurisdiction and that its decision was procured by fraud and mistake.[6] In support of her

---

[4](...continued)
Cir. 2001) (citing Grimmett v. S & W Auto Sales Co., 26 Kan. App.2d 482, 486-87, 988 P.2d 755, 759-60 (1999)).

[5]     The Kansas Supreme Court has noted that "[w]hile the concept of res judicata is broad enough to encompass both claim preclusion and issue preclusion, the modern trend is to refer to claim preclusion as res judicata and issue preclusion as collateral estoppel." Waterview Resolution Corp. v. Allen, 274 Kan. 1016, 58 P.3d 1284, 1290 (2002) (citing 46 Am. Jur. 2d, Judgments § 516).

[6]     Fed. R. Civ. P. 60(b) states in relevant part as follows:

(continued...)

motion, plaintiff claims to seek relief under Rule 60(b) because (1) Burch procured the decision of the state district court by fraud and mistake, and (2) the state district court lacked subject matter jurisdiction and its order is therefore void. Burch opposes plaintiff's motion to amend, correctly arguing that Rule 60(b) applies only to federal court judgments and not to state court proceedings, and that the proposed amendment is in effect futile. To the extent that plaintiff purports to bring a "claim" under Rule 60(b), her claim is futile. See Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts . . .") Accordingly, plaintiff's motion for leave to amend is overruled.[7]

**IT IS THEREFORE ORDERED** that the Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted And Lack Of Jurisdiction (Doc. #7), the Motion To Dismiss Defendant Colgate Palmolive Company, Inc.'s Counterclaim And Crossclaim In Interpleader For Lack Of Jurisdiction (Doc. #15) which defendant Franklin Burch filed on March 2 and March 15, 2009 respectively, and plaintiff's Motion For Leave To File Amended Complaint (Doc. #23) filed on April 17, 2009 be and hereby are **OVERRULED.**

Dated this 19th day of October, 2009 at Kansas City, Kansas.

---

[6](...continued)
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect . . .
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; [or]
> (4) the judgment is void . . .

Fed. R. Civ. P. 60(b).

[7] To the extent plaintiff seeks to add facts to support her request for declaratory relief, she may file a separate motion to that effect.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge