IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JUDY BUTLER MCHENRY, Administrator of the Estate of Leo E. Butler, | ) ) ) |
| Plaintiff, | ) CIVIL ACTION ) |
| v. | ) No. 08-2622-KHV ) |
| FRANKLIN BURCH, Administrator of the Estate of Kenneth Lee Butler, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

Judy Butler McHenry, administrator of the Estate of Leo E. Butler, brings suit against Franklin Burch, administrator of the Estate of Kenneth Lee Butler, seeking a declaratory judgment that (1) the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, preempts state intestate succession laws, (2) an order from the District Court of Wyandotte County, Kansas cannot countermand Kenneth Lee Butler's beneficiary designation under the Colgate Palmolive Employees Retirement Plan and (3) as the designated beneficiary of Kenneth Lee Butler's pension benefits, plaintiff is entitled to certain pension proceeds.[1] This matter is before the Court on cross motions for summary judgment: the Motion For Summary Judgment Of Defendant Franklin Burch Administrator (Doc. #51) and Plaintiff's Motion For Summary Judgment (Doc. #52), both filed July 28, 2010.

Defendant seeks summary judgment, arguing that the Rooker-Feldman doctrine and principles

---

[1] Originally, Leo E. Butler filed this action. See Complaint (Doc. #1). Leo E. Butler died on April 30, 2009, and as special administrator for his estate, Judy Butler McHenry substituted herself as plaintiff. See Order (Doc. #27) filed June 24, 2009. Plaintiff also brought claims against Colgate-Palmolive Company, Inc., which this Court dismissed on May 11, 2010 after it deposited $276,828.82 into the Court's registry pending disposition of the funds in this action. See Doc. #50.

of res judicata deprive this Court of jurisdiction.[2] Plaintiff argues that Rooker-Feldman and res judicata do not bar her claims and that as a matter of law, she is entitled to summary judgment.[3]

For the reasons stated below, the Court sustains defendant's motion and overrules plaintiff's motion.

## **Legal Standards**

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); accord Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Vitkus v. Beatrice Co., 11 F.3d 1535, 1538-39 (10th Cir. 1993). A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." Liberty Lobby, 477 U.S. at 248. The inquiry is whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party

---

[2] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and Dist. of Columbia Ct. of App. v. Feldman, 460 U.S. 462 (1983).

[3] Plaintiff's theory of recovery is outlined in the Pretrial Order (Doc. #47), filed July 1, 2010. as follows:

> 1. Plaintiff is the designated beneficiary of the pension plan, and therefore [is] entitled to the full $240,000 of pension benefits.
>
> 2. A state court has jurisdiction to determine a beneficiary of an ERISA controlled pension plan, but that determination must be made in a "civil action" brought by a beneficiary.
>
> 3. The decision of the Probate Court in allocating the proceeds of the pension benefits was not made in a "civil action," and thus are [sic] not binding on the plan administrator, Colgate. Colgate had previously determined that Leo E. Butler was the beneficiary of the pension benefits and the Probate Court had no authority to overturn that decision.

Doc. #47 at 6(a).

must prevail as a matter of law. Id. at 251-52.

A "genuine" factual dispute requires more than a mere scintilla of evidence. Id. at 252. The moving party bears the initial burden of showing the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hicks v. City of Watonga, Okla., 942 F.2d 737, 743 (10th Cir. 1991). Once the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial "as to those dispositive matters for which [he] carries the burden of proof." Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). And, while the Court views the record in a light most favorable to the party opposing summary judgment, the nonmoving party may not rest on his pleadings but must set forth specific facts. Id. The nonmoving party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial. Conaway v. Smith, 853 F.2d 789, 794 (10th Cir. 1988). If the nonmoving party's evidence is merely colorable or is not significantly probative, summary judgment may be granted. Liberty Lobby, 477 U.S. at 250-51.

### **Facts**

The following facts are uncontroverted or, where controverted, viewed in the light most favorable to the non-moving party.

Kenneth Lee Butler worked for Colgate-Palmolive Company, Inc. for 24 years and participated in the Colgate Employees Retirement Plan ("Plan"). In 1985, he executed a beneficiary designation form for his Plan benefits, naming two 50 per cent beneficiaries: his mother Jenny Butler and his father Leo E. Butler. Jenny Butler died, but Kenneth never amended his beneficiary designation.[4]

---

[4] Plaintiff contends that upon Jenny Butler's death, Leo E. Butler became the sole beneficiary of Kenneth's benefits under the Plan. Defendant contends that Jenny Butler was still entitled
(continued...)

Because he worked at the Colgate plant in Kansas City, Kenneth qualified for benefits under a special retirement plan. The special retirement plan offered two benefit options: Option 1 provided $54,743 in severance pay from Colgate and $127,281 in a lump sum payment from the Plan, for a total of $182,024, and Option 2 provided an enhanced pension payment of $240,000 from the Plan. On August 31, 2006, Kenneth elected Option 1.

Kenneth died intestate on October 21, 2006, leaving substantial death benefits, including the special retirement benefit. As Plan administrator, Colgate determined that Leo E. Butler was the sole surviving beneficiary and should therefore receive all benefits paid under the Plan. On October 26, 2010, Colgate notified Leo E. Butler that he was entitled to receive the $240,000 in special retirement benefits.[5] Colgate later concluded that because Kenneth had died before separating from employment with Colgate, his estate could change his election under the special retirement plan from Option 1 to Option 2. Colgate therefore asked Franklin Burch, the administrator of Kenneth's Estate, to make the final election.

On May 7, 2007, Burch filed a Petition for Determination and Allocation of Severance Benefits in the District Court of Wyandotte County, Kansas, Case No. 06P268. In the petition, Burch asked the state court to determine "which election to make, and the beneficiary/allocation to each party, either the father of the deceased, Leo Earl Butler, or the Estate, or a division between the father and the Estate Defendant Franklin Burch as the administrator of the Estate of Kenneth Lee Butler." In the petition, Burch stated that Leo E. Butler was the named beneficiary of the pension and that the estate would be

---

[4](...continued)
to her share, but that it reverted to Kenneth's estate.

[5] The record does not reveal why Colgate notified Leo E. Butler that he was the beneficiary of the $240,000 in retirement benefits under Option 2, when Kenneth had elected Option 1.

-4-

entitled to severance pay.[6]

On June 28, 2007, the Wyandotte County District Court held a hearing which Burch and his attorney attended. Burch had notified Leo E. Butler of the hearing but neither Butler nor his attorney attended or filed pleadings. Burch did not notify Colgate of the hearing and it was never a party to the proceeding. Immediately after the hearing, the court entered an order electing Option 2 ($240,000). Instead of allocating the full amount to Leo E. Butler, however, it allocated $63,640.50 to Leo E. Butler and the balance ($176,359.50) to Kenneth's estate. The $63,640.50 amount represented half of Kenneth's lump sum pension benefits under Option 1.

On July 9, 2007, before the time to appeal the order of June 28, 2007 had expired, Diane Durbin entered an appearance on behalf of Leo E. Butler in the Wyandotte County District Court proceedings. Leo E. Butler did not appeal the order of June 28, 2007, but on August 27, 2007, he filed a "Motion to Set Aside Order Determining Allocation of Severance Pension Benefits of Colgate-Palmolive Company," arguing that because the probate court had not properly determined the distribution of benefits under the Plan, it lacked subject-matter jurisdiction and its order was therefore void. On January 3, 2008, the state court denied the motion as untimely, finding that Leo E. Butler should have appealed the order rather than filing the motion to set it aside. It also recited that (1) Kenneth named Leo E. Butler the beneficiary of his pension benefits and (2) the pension benefits should pass to Leo E. Butler and the severance pay should accede to Kenneth's estate.[7]

---

[6] Burch filed the petition before reviewing the Plan documents and beneficiary designation, and now disputes that Leo E. Butler is the sole named beneficiary of the Plan.

[7] The statements deviated from the June 28, 2007 order, which found that Jenny Butler and Leo E. Butler were the beneficiaries of Kenneth's pension benefits and that Leo E. Butler and Kenneth's estate were each entitled to half of the pension benefits. Given that the state court overruled plaintiff's
(continued...)

-5-

On January 16, 2008, Burch filed a petition to clarify the order and asked the court to remove the two statements from its order of January 3, 2008. After a hearing on May 21, 2008, the court amended its order, removing the two statements and substituting the statement that because Jenny Butler had predeceased Kenneth, Leo E. Butler was the only surviving designated beneficiary of his pension benefits.[8] Leo E. Butler did not appeal any orders entered by the Wyandotte County District Court.

As Plan administrator, Colgate determined that the state court orders were inconsistent with the Plan and refused to pay benefits. Specifically, it concluded that the court orders were ambiguous because they reaffirmed the estate's election of Option 2 (the $240,000 lump sum special retirement benefit from the Plan) and recognized Leo E. Butler as the sole beneficiary of Kenneth's pension benefits, but nonetheless allocated the proceeds between Leo E. Butler and Kenneth's estate.

Leo E. Butler filed this action on December 10, 2008 seeking a declaratory judgment that (1) ERISA preempts state intestate succession laws, (2) a state court order cannot supersede the beneficiary designation made by an ERISA plan participant and (3) under the terms of the Plan, which is covered by ERISA, Colgate has properly determined that Leo E. Butler is the designated beneficiary and therefore is entitled to the pension proceeds of the Special Retirement Plan. Leo E. Butler died on April 30, 2009 and Judy Butler McHenry became administrator of his Estate.

## **Analysis**

Burch asks the Court to grant summary judgment because <u>Rooker-Feldman</u> bars plaintiff's claims. See <u>Rooker</u>, 263 U.S. 413; <u>Feldman</u>, 460 U.S. 462. Federal courts must determine that they

---

[7](...continued)
motion to set aside the order of June 28, 2007, the effect of these statements was not clear.

[8] See supra note 7,. Plaintiff's counsel signed the order, which recited that the court had proper concurrent jurisdiction under ERISA.

have jurisdiction before proceeding to the merits, Lance v. Coffman, 549 U.S. 437, 439 (2007), and Rooker-Feldman is a jurisdictional prohibition. Dickerson v. Bates, 287 F. Supp.2d 1251, 1254 (D. Kan. 2003) (quoting Pittsburg Cnty. Rural Water Dist. No. 7 v. City of McAlester, 358 F.3d 694, 705 (10th Cir. 2004)). See also, PJ ex rel. Jensen v. Wagner, 603 F.3d 1182, 1193 (10th Cir. 2010) ("Because it implicates our subject matter jurisdiction, we address [whether] the Rooker-Feldman doctrine bars the entire [] suit before turning to the merits of the case.") Therefore, before addressing plaintiff's motion on the merits, the Court examines defendant's contention that it lacks subject-matter jurisdiction over plaintiff's claims.

Rooker-Feldman prevents lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. Mann v. Boatright, 477 F.3d 1140, 1446 (10th Cir. 2007); Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Justice Ginsberg has explained the doctrine as follows:

> Rooker and Feldman exhibit the limited circumstances in which this Court's appellate jurisdiction over state-court judgments, 28 U.S.C. § 1257, precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority, e.g., § 1330 (suits against foreign states), § 1331 (federal question), and § 1332 (diversity). In both cases, the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment. Plaintiffs in both cases, alleging federal-question jurisdiction, called upon the District Court to overturn an injurious state-court judgment. Because § 1257, as long interpreted, vests authority to review a state court's judgment solely in this Court, the District Courts in Rooker and Feldman lacked subject-matter jurisdiction.

Exxon, 544 U.S. at 291-92 (internal citations omitted). The Tenth Circuit further explains that Rooker-Feldman bars review of proceedings already conducted by the state court to determine whether it reached its result in accordance with the law. PJ ex rel. Jensen, 603 F.3d at 1193. Rooker-Feldman

does not bar federal-court claims that would be identical if no state-court judgment existed; i.e. claims that do not rest on any allegation concerning the state-court proceedings or judgment. Id.

Defendant contends that Rooker-Feldman bars this action because plaintiff's complaint seeks to overturn erroneous decisions of the state court. Specifically, defendant argues that regardless whether the state court properly applied ERISA law, this Court lacks jurisdiction to review its orders or to grant the declaratory relief which plaintiff seeks. Plaintiff argues that Rooker-Feldman does not bar her claim because the state court lacked jurisdiction since Burch did not bring a "civil action" under 29 U.S.C. § 1332 (a)(1)(B).[9] Plaintiff also argues that she is not a "state-court loser" because she did not file a complaint in state court, Burch did not commence a "civil action" action under 29 U.S.C. § 1132(a)(1)(B) and neither she nor Colgate were parties to the probate proceedings.[10] Finally, she argues that Rooker-Feldman does not apply because Kenneth's probate estate has not been closed.

To determine whether Rooker-Feldman applies, the Tenth Circuit instructs the Court to identify

---

[9]    29 U.S.C. § 1332(a)(1)(B) states in relevant part as follows:

(a) Persons empowered to bring a civil action

A civil action may be brought--

    (1) by a participant or beneficiary--

        (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . . .

[10]    Defendant points out that plaintiff filed her opposition to his summary judgment motion two days after the deadline without leave of Court. Under D. Kan. Rule 7.4(b), absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as uncontested, and will ordinarily grant the motion without further notice. The Court, however, considers defendant's motion on the merits.

-8-

the state-court judgments that the Court cannot undo or review in any way, and then determine whether plaintiff's claim alleges injury caused by the state-court judgments which this Court would have to review and reject in order for plaintiff to succeed. See PJ ex rel. Jensen, 603 F.3d at 1193-94. The Court therefore first identifies three state court judgments that it cannot undo or review: (1) the probate court order of June 28, 2007 which elected Option 2 ($240,000) and allocated $63,640.50 to Leo E. Butler and $176,359.00 to Kenneth Butler's estate; (2) the district court order of January 3, 2008 which denied as untimely plaintiff's motion to set aside the order of June 28, 2007 and (3) the district court order of May 21, 2008 which amended the order of January 3, 2008 to find Leo E. Butler was the only surviving designated beneficiary of Kenneth's pension benefits.[11] In each order, the state court determined that it had concurrent jurisdiction under ERISA.

Next, the Court examines whether plaintiff's claim alleges injury caused by the state-court judgments which this Court would have to review and reject in order for plaintiff to succeed. Here, the answer is clearly yes. First, the parties agree that the benefits which the sate court allocated and considered are the subject of plaintiff's request for declaratory relief. Significantly, plaintiff does not argue that either defendant or Colgate caused her injury. Carmona v. Carmona, 603 F.3d 1041, 1051 (9th Cir. 2010). The sole injury of which plaintiff complains – the state court allocation of benefits – is clearly caused by the state-court judgment. Finally, plaintiff seeks a declaration that as the designated beneficiary of Kenneth's pension plan, Leo E. Butler is entitled to the special retirement plan proceeds. For plaintiff to succeed in this regard, the Court would have to review and reject the state-court order.

---

[11] State law governs what constitutes a "final" appealable judgment subject to Rooker-Feldman, which can include a final judgment in a state probate proceeding. Mann v. Boatright, 477 F.3d 1140, 1146 (10th Cir. 2007). Under Kansas law, if an appeal from an order administering a decedent's estate is not taken, the results become final and binding on everyone. See In re Estate of Pritchard, 37 Kan. App.2d 260, 277, 154 P.3d 24, 36 (2007).

Plaintiff's defenses rest on the premise that the state court orders are defective and therefore unenforceable. Plaintiff first argues that Rooker-Feldman does not bar her claim because Burch did not bring a "civil action" under 29 U.S.C. § 1132(a)(1)(B) and that the probate order therefore lacked concurrent jurisdiction. Whether the probate action qualifies as a "civil action" under ERISA, however, has no bearing on whether Rooker-Feldman bars this Court from revisiting the substantive issues which the state court decided. A state court does not divest itself of subject-matter jurisdiction by entering an order which misinterprets federal (or state) law. See Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment, Cent. Region, 130 S.Ct. 584, 596 (2009) (subject matter jurisdiction refers to power of tribunal to hear case, which can never be forfeited or waived). Taken more broadly, plaintiff's argument appears to be that Rooker-Feldman does not apply to state court orders that conflict with ERISA because ERISA grants exclusive jurisdiction to federal courts and the underlying probate proceeding was not one over which ERISA grants concurrent jurisdiction under Section 1132(a)(1)(B). The Court has located no authority which supports plaintiff's position, however, and plaintiff's own authority undercuts her argument. See In re. Scales v. Gen. Motors Corp. Pension Adm'r, 275 F. Supp.2d 871 (E.D. Mich. 2003) (remanding to state court divorce case in which wife petitioned for apportionment of husband's ERISA pension benefits); McCane v. McCane, 47 F. Supp.2d 848 (E.D. Mich. 1990) (same).

Plaintiff also argues that she is not a "state-court loser" because she did not file a complaint in state court, Burch did not commence a "civil action" action under 29 U.S.C. § 1132(a)(1)(B) in state court and neither she nor Colgate were parties to the probate proceedings. These arguments have no bearing, however, on this Court's ability to revisit the issues which the state court has decided; challenges to the validity of a state court judgment are exactly what Rooker-Feldman prohibits. See

Smith v. Bender, 07-cv-1924-MSK-KMT, 2008 WL 2751346, at *11 (D. Colo. July 11, 2008) (by definition, every case in which Rooker-Feldman is properly invoked involves state court judgment that plaintiff challenges as invalid; if valid judgment were required before Rooker-Feldman could be invoked, no need for doctrine at all). Additionally, plaintiff's argument that Rooker-Feldman does not apply because she and Colgate were not parties to the underlying proceeding is both insufficient and factually incorrect. Plaintiff's counsel entered an appearance in the probate proceeding before the time for appeal had expired. Plaintiff had notice of the hearing and neither participated nor objected to the probate court's exercise of subject-matter jurisdiction to elect and allocate benefits. Plaintiff entered an appearance after the probate court allocated benefits, and plaintiff did not appeal the decision. Plaintiff's argument that Rooker-Feldman does not apply because she was not a party to the underlying state proceeding must therefore fail.[12]

Finally, plaintiff argues that Rooker-Feldman does not apply because Kenneth's estate is still pending and has not been closed. Specifically, plaintiff argues that under K.S.A. §§ 59-2213 and 60-260(b)(4) and (c)(1) she can continue to file motions for relief from the judgment in perpetuity and that she can still appeal the earlier decision of the probate court.[13] For purposes of Rooker-Feldman, state

---

[12] Colgate's status as a non-party in the state court proceeding has no bearing on the application of Rooker-Feldman against plaintiff. While Rooker-Feldman does not apply against non-parties, plaintiff was a party to the state court proceedings. Dickerson v. Bates, 104 Fed. Appx. 699, 702, 2004 WL 1510017, at *2 (10th Cir. 2004).

[13] If this is true, plaintiff should consider that strategy. K.S.A. § 59-2213 of the probate code states in relevant part, however, as follows:

The court shall have control of its orders, judgments, and decrees for 30 days after the date of the rendition thereof. Thereafter such orders, judgments, and decrees may be vacated or modified as provided by subsection (b) of K.S.A. 60-260 of the code of civil procedure.

(continued...)

court proceedings are final when a party allows the time for appeal from a lower state-court judgment to lapse, even if the state proceedings have not "ended" in a general sense. Bear v. Patton, 451 F.3d 639, 642 (10th Cir. 2006). This prevents a plaintiff from allowing the time to appeal a final judgment on one claim to lapse, and then filing an action in federal district court attacking the state court's jurisdiction to enter that judgment, while other state claims remain pending. Id.

As noted, state law governs what constitutes a "final" appealable judgment subject to Rooker-Feldman, which can include a final judgment in a state probate proceeding. Mann, 477 F.3d at 1146. To determine whether the orders at issue in this case are "final judgments" subject to Rooker-Feldman, we look to Kansas law. Under Kansas law, it appears that plaintiff had two options for challenging the order of June 28, 2007, both of which required her to act within 30 days of the entry of the order. Plaintiff could have appealed under K.S.A. § 59-2401(a), which allows an appeal from a magistrate judge to a district judge in any case involving a decedent's estate, and requires that any such appeal be taken no later than 30 days from the date of entry of the order. See Pritchard, 37 Kan. App.2d at 277, 154 P.3d at 36 (discussing finality of probate orders). Within 30 days after the order was entered, plaintiff could also have filed a motion for reconsideration under K.S.A. § 59-2213. See In re Guardianship of Sokol, 40 Kan. App.2d 57, 63, 189 P.3d 526, 532 (2008). Plaintiff did neither and the order became final. Pritchard, 37 Kan. App.2d. at 277, 154 P.2d at 36 (if appeal from order administering decedent's estate not taken, result final and binding on everyone).

On August 27, 2007, after the time for appeal had expired, plaintiff filed a motion for relief from

---

[13](...continued)
Section 60-260(b)(4) states that on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding if the judgment is void. A motion under this section must be made within a reasonable time.

judgment under K.S.A. § 60-260(b).[14] In that motion, she argued that the order of June 28, 2007 was void for lack of subject-matter jurisdiction. The state court overruled plaintiff's motion and plaintiff did not appeal. Orders denying motions brought under K.S.A. § 60-260(b) are appealable. Giles v. Russell, 222 Kan. 629, 567 P.2d 845 (1977). Such appeals must be taken within 30 days from the entry of judgment. K.S.A. § 60-2103. As the Court has already noted, under Kansas law, if an appeal is not taken, the result becomes final. Pritchard, 37 Kan. App.2d at 277, 154 P.2d at 36.

Accordingly, even though the probate estate is still open, the orders to which plaintiff objects are final because the time to appeal them ran before she commenced this action. Though plaintiff may technically be able to file a motion for relief from judgment under K.S.A. § 60-260(b)(4), such a motion would not affect the judgment's finality or suspend its operation. K.S.A. § 60-260(c)(2).

The Court therefore finds that as a matter of law, it lacks subject matter jurisdiction over this case under the Rooker-Feldman doctrine.

**IT IS THEREFORE ORDERED** that the Motion For Summary Judgment Of Defendant Franklin Burch Administrator (Doc. #51) filed July 28, 2010, be and hereby is **SUSTAINED**, and Plaintiff's Motion For Summary Judgment (Doc. #52) filed July 28, 2010, be and hereby is **OVERRULED**. The Court therefore directs the Clerk to return the interpleaded funds to Colgate-Palmolive Company, Inc.

Dated this 17th day of December, 2010 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> Kathryn H. Vratil
> United States District Judge

---

[14] Under Kansas law, a motion filed pursuant to Section 60-260(b) – which is patterned after Fed. R. Civ. P. 60(b) – does not affect the finality of the judgment or suspend its operation. Giles v. Russell, 222 Kan. 629, 632, 567 P.2d 845, 848 (1977).