# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JUDY BUTLER MCHENRY, Administrator** of the Estate of Leo E. Butler, | ) ) ) |
| **Plaintiff,** | ) CIVIL ACTION ) |
| v. | ) No. 08-2622-KHV ) |
| **FRANKLIN BURCH, Administrator of** the Estate of Kenneth Lee Butler, | ) ) ) |
| **Defendant.** | ) ) ) |

## MEMORANDUM AND ORDER

Judy Butler McHenry, administrator of the Estate of Leo E. Butler, brought suit against Franklin Burch, administrator of the Estate of Kenneth Lee Butler, and Colgate-Palmolive Company, Inc. seeking a declaratory judgment that (1) the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, preempts state intestate succession laws, (2) an order from the District Court of Wyandotte County, Kansas cannot countermand Kenneth Lee Butler's beneficiary designation under the Colgate Palmolive Employees Retirement Plan and (3) as the designated beneficiary of Kenneth Lee Butler's pension benefits, plaintiff is entitled to certain pension proceeds. Under 28 U.S.C. § 1335, Colgate-Palmolive filed cross-claims and counter-claims in interpleader. On December 15, 2009, it deposited $276,828.82 in the court registry pending disposition of the case. It then sought and received a dismissal. See Doc. #50.

On December 17, 2010, the Court sustained Burch's motion for summary judgment, finding that under the Rooker-Feldman doctrine it lacked subject matter jurisdiction over plaintiff's claim.[1]

---

[1] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and Dist. of Columbia Ct. of App. v. Feldman, 460 U.S. 462 (1983).

Although plaintiff and defendant had filed cross-motions for summary judgment, neither of them addressed the interpleader claim or sought distribution of the interpleaded funds, and Colgate-Palmolive had been dismissed from the case. The Court therefore directed the Clerk to return the interpleader funds to Colgate-Palmolive. This matter is now before the Court on <u>Colgate-Palmolive Company's Motion To Reconsider And Amend Order With Brief In Support</u> (Doc. #68) filed January 13, 2011. Under Rule 59(e), Fed. R. Civ. P., Colgate-Palmolive seeks partial reconsideration and asks the Court to keep the interpleader funds in its registry pending an order of distribution.[2]

Colgate-Palmolive argues that even though the Court lacks subject matter jurisdiction over plaintiff's claims, it retains original jurisdiction over the interpleader claim and should not return the funds. Specifically, Colgate-Palmolive argues that it has a viable interpleader claim under 28 U.S.C. § 1335 because (1) <u>Rooker-Feldman</u> does not apply to it since it was not a party to the state court action and (2) it will be subjected to multiple liability if the Court returns the interpleader funds.[3]

## **Legal Standards**

A party seeking to alter or amend a judgment pursuant to Rule 59(e) must establish (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or

---

[2] On January 11, 2011, plaintiff appealed the Court's summary judgment order to the Tenth Circuit Court of Appeals. <u>See</u> Doc. #65. On January 26, 2011, the Tenth Circuit abated the appellate case pending this Court's disposition of this motion for reconsideration. <u>See</u> Doc. #69.

[3] On February 3, 2011, without leave of court, plaintiff filed an untimely response to Colgate-Palmolive's motion to reconsider. Under D. Kan. Rule 6.1(d)(1), responses to non-dispositive motions such as those filed under Rule 59(e), Fed. R. Civ. P., must be filed and served within 14 days. <u>See</u> e.g. <u>Shaw v. Richardson</u>, No. 09-3178, 2010 WL 4792423, at *1 (D. Kan. Nov. 17, 2010); <u>Sichko v. Sec'y of Navy</u>, No. 08-2475-JTM, 2009 WL 366605, at *1 (D. Kan. Feb. 13, 2009). Plaintiff's response was due on January 27, 2011, and the Court does not consider it.

prevent manifest injustice. Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir.2000).

## Analysis

As noted, Colgate-Palmolive asserts that the Court erred in ordering that the interpleader funds be returned because (1) Rooker-Feldman does not apply to it since it was not a party to the underlying state court action and (2) it will be subject to multiple liability if the Court returns the funds to it.

The Court has located no authority which specifically addresses the unusual procedural posture of this case – i.e. a case in which the Court lacks jurisdiction over the originating complaint under Rooker-Feldman, the interpleader claim involves the same subject matter as the claims over which the Court lacks jurisdiction, and the plaintiff on the interpleader claims is out of the case.[4]  In such a situation, as a practical matter, no parties are available to pursue any claim. That is why the Court entered judgment and directed the Clerk to return the interpleaded funds to Colgate-Palmolive.

As Colgate-Palmolive notes, however, the Court did have original, independent jurisdiction over its cross-claim and counter-claim in interpleader under 28 U.S.C. § 1335.[5]  Dismissal of a complaint generally does not preclude adjudication of a counter-claim in interpleader over which the Court has an independent basis of jurisdiction. See, e.g., Bianchi v. Walker, 163 F.3d 564, 569 (9th Cir. 1998)

---

[4] The cases cited by Colgate-Palmolive provide only marginal help. In Paine Webber v. Arstk, Inc., 98 CIV 3162, 1999 WL 199065, at *3 (S.D.N.Y. Apr. 9, 1999), the district court held without analysis that Rooker-Feldman did not apply to the interpleader action before it. In Lance v. Dennis, 546 U.S. 459, 465-66 n.2 (2006), the Supreme Court held that the district court had improperly conflated Rooker-Feldman with preclusion law when it applied Rooker-Feldman against a nonparty. In Mo's Express, LLC v. Sopkin, 441 F.3d 1229, 1235 (10th Cir. 2006), however, the Tenth Circuit construed Lance as "explicitly" holding that Rooker-Feldman "does not apply against nonparties to the prior judgment in state court."

[5] Under 28 U.S.C. § 1335, district courts have original jurisdiction over any civil action of interpleader filed by a party which possesses $500 or more, if two or more adverse parties of diverse citizenship claim entitlement to the money, so long as the party filing the claim in interpleader deposits the money into the registry of the court.

(district court properly exercised jurisdiction over interpleader counter-claim though it lacked subject matter jurisdiction over plaintiff's complaint for writ of mandamus); c.f. Lennon v. Scott & Stringfellow, LLC, 2010 WL 1962672, at *7 (N.D. Tex. May 14, 2010) (district court remanded interpleader counter-claim filed after removal from state court because (1) plaintiff had alleged defendant was more than mere stakeholder and defendant could not use federal interpleader statute to create federal jurisdiction when none existed at time of removal and (2) court lacked subject matter jurisdiction over counter-claim because of the probate exception, которая prohibits federal jurisdiction over claims pending in probate court).[6] See also Tribble v. Chuff, 642 F. Supp.2d 737, 747-48 (E.D. Mich. 2009) (district court dismissed counter-claims for lack of subject matter jurisdiction under Rooker-Feldman and analyzed declaratory judgment claims within the context of the interpleader action). In those cases, however, either the interpleader plaintiff remained in the case to pursue the interpleader claim, or the parties with claims against the interpleaded funds asserted them.

Here, the Court allowed Colgate-Palmolive to interplead the disputed funds and – on its motion – dismissed it from the case. At that time, the Court understood that Colgate-Palmolive was a

---

[6] The probate exception stands for the principle that when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*. Marshall v. Marshall, 547 U.S. 293, 311 (2006). It precludes federal courts from disposing of property that is in the custody of a state probate court. Id. at 312. It does not preclude federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

In this interpleader action, the parties did not ask the Court to dispose of property which belonged to an estate; rather, they sought to determine whether the assets in question belonged to plaintiff or defendant, and in what proportion. United States v. Major Oil Corp., 583 F.2d 1152, 1159 (10th Cir. 1978) (sole purpose of interpleader to determine who is entitled to fund and in what proportion). Thus it appears that the probate exception does not apply in this case. See Ashton v. Josephine Bay Paul & C. Michael Paul Found. Inc., 918 F.2d 1065, 1072 (2d Cir. 1990) (probate exception did not preclude federal jurisdiction over interpleader action under 28 U.S.C. § 1335 because (1) question was whether assets were property of estate, not how to divide estate property; and (2) case for exercising federal jurisdiction notwithstanding probate exception is stronger in interpleader actions than ordinary diversity cases).

disinterested stakeholder and that it no longer wished to participate in the litigation. Later, the Court dismissed plaintiff's claims, which effectively resulted in dismissal of Colgate-Palmolive's cross-claim and counter-claim in interpleader, because no party remained in the case to prosecute them. If Colgate-Palmolive has re-thought its position as a disinterested stakeholder and wishes to actively pursue its interpleader claims, it should file a motion to vacate the order of dismissal which the Court entered on May 11, 2010. If the Court grants such relief, Colgate-Palmolive can pursue its interpleader claims without regard to the dismissal for lack of subject matter jurisdiction over plaintiff's claims against defendant. In that event, the Court may re-align Colgate-Palmolive as plaintiff and, because of the lengthy history of this case, refer it to the United State Magistrate Judge for expedited pretrial proceedings to determine the rights of plaintiff and defendant to the money. See id. at 748. If Colgate-Palmolive does not file such a motion by June 10, 2011, the Clerk will return the interpleaded funds as previously ordered.

**IT IS THEREFORE ORDERED** that Colgate-Palmolive Company's Motion To Reconsider And Amend Order With Brief In Support (Doc. #68), filed January 13, 2011 be and hereby is **SUSTAINED in part**. The Court suspends the portion of the order of December 17, 2010 which directed the Clerk to return the interpleaded funds to Colgate-Palmolive, pending further order of the Court.

**IT IS FURTHER ORDERED** that the Clerk supplement the preliminary record on appeal by transmitting to the Tenth Circuit Court of Appeals a copy of this order, together with a copy of the related docket entries. **Plaintiff is hereby directed to notify the Tenth Circuit Court of Appeals of the Court's holding within ten days of this order.**

Dated this 1st day of June, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge