**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **JUDY BUTLER MCHENRY, Administrator** ) <br> **of the Estate of Leo E. Butler,** ) <br>                                                            ) <br>                    **Plaintiff,**                     ) <br>                                                            ) <br> **v.**                                                ) <br>                                                            ) <br> **FRANKLIN BURCH, Administrator of** ) <br> **the Estate of Kenneth Lee Butler,**    ) <br>                                                            ) <br>                    **Defendant.**                 ) <br> _____) | **CIVIL ACTION** <br><br> **No. 08-2622-KHV** |

**MEMORANDUM AND ORDER AND ORDER TO SHOW CAUSE**

Judy Butler McHenry, administrator of the Estate of Leo E. Butler, brought suit against Franklin Burch, administrator of the Estate of Kenneth Lee Butler, and Colgate-Palmolive Company, Inc. seeking a declaratory judgment that (1) the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 ["ERISA"], preempts state intestate succession laws, (2) an order from the District Court of Wyandotte County, Kansas cannot countermand Kenneth Lee Butler's beneficiary designation under the Colgate Palmolive Employees Retirement Plan and (3) as the designated beneficiary of Kenneth Lee Butler's pension benefits, plaintiff is entitled to certain pension proceeds. Under 28 U.S.C. § 1335, Colgate-Palmolive filed cross-claims and counter-claims in interpleader. On December 15, 2009, it deposited $276,828.82 in the court registry pending disposition of the case. It then sought and received a dismissal. See Doc. #50.

On December 17, 2010, the Court sustained Burch's motion for summary judgment, finding that under the Rooker-Feldman doctrine it lacked subject matter jurisdiction over plaintiff's claim.[1] Because

---

[1] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and Dist. of Columbia Ct. of App. v. Feldman, 460 U.S. 462 (1983).

neither plaintiff nor defendant had addressed the interpleader claim or sought distribution of the funds, and Colgate-Palmolive had been dismissed from the case, the Court directed the Clerk to return the interpleader funds to Colgate-Palmolive. On January 13, 2011, Colgate-Palmolive asked the Court to reconsider the portion of the order directing return of the interpleader funds. On June 1, 2011, the Court sustained Colgate-Palmolive's motion in part and gave it ten days to file a motion to vacate the order which dismissed it from the case. See Doc. #78. It did so, and the matter is now before the Court on Colgate-Palmolive Company's Motion To Vacate And To Continue Interpleader Proceedings (Doc. #81) filed June 9, 2011.

Colgate-Palmolive asks the Court to vacate the order dismissing it from the case.[2] In support, it argues that given the procedural posture of the case and to protect it from competing claims to the interpleader funds, it should be re-instated and re-aligned as interpleader plaintiff so that the interpleader action may go forward. Burch objects to Colgate's motion if it seeks a redetermination of entitlement to the funds. Though he notes that Colgate can just as easily pursue its interpleader claim in the pending state court case, Burch does not object if Colgate seeks to effect distribution of the funds in accordance with the state court order.

The Court sustains Colgate-Palmolive's motion. In doing so, it cautions the parties to be mindful of its prior order which concluded that it lacks jurisdiction to evaluate the propriety of the underlying state court order of distribution or the state court's authority to issue such an order. Indeed, the Court orders the parties to show cause in writing on or before August 26, 2011, why principles of res judicata and collateral estoppel would not require distribution of the funds in accord with the order of the District

---

[2]  The Court's original order dismissing Colgate-Palmolive (Doc. #45) filed May 11, 2010, was replaced by the Order Nunc Pro Tunc (Doc. #50) filed July 16, 2010.

Court of Wyandotte County, Kansas, Case No. 06P268. See Tribble v. Chuff, 642 F. Supp.2d 737 (E.D. Mich. 2009).[3]

**IT IS THEREFORE ORDERED** that Colgate-Palmolive Company's Motion To Vacate And To Continue Interpleader Proceedings (Doc. #81) filed June 9, 2011, be and hereby is **SUSTAINED.**

**IT IS FURTHER ORDERED** that on or before August 26, 2011, the parties show cause in writing why, under principles of res judicata and collateral estoppel, the Court should not enter an order directing the Clerk to disburse $63,640.50 to the Estate of Leo E. Butler and $176,359.50 to the Estate of Kenneth Lee Butler as ordered on June 28, 2007 by the District Court of Wyandotte County, Kansas, Case No. 06P268**.**

**IT IS FURTHER ORDERED** that the Clerk supplement the preliminary record on appeal by transmitting to the Tenth Circuit Court of Appeals a copy of this order, together with a copy of the related docket entries. **Plaintiff is hereby directed to notify the Tenth Circuit Court of Appeals of the Court's holding within ten days of this order.**

---

[3] In Tribble, plaintiff brought an action in federal court to collect back child support from her ex-husband and his pension fund. Despite protracted litigation in Michigan and Pennsylvania state courts, the parties faced contradictory orders regarding his child support obligation. As a result, plaintiff filed a declaratory judgment action in federal court to determine, among other things, whether a support order by the Michigan court was a qualified domestic relations order ("QDRO") which obligated the pension fund to pay her under ERISA. Tribble, 642 F. Supp.2d at 745. Defendant counter-claimed, asking the court to review all child support orders by both state courts and hold that a Pennsylvania order (which found that he owed nothing) had continuing and exclusive jurisdiction. Id.

The court found on summary judgment that Rooker-Feldman barred defendant's counter-claims because he had made – and lost – the same arguments in Michigan state court. Id. at 747. (Like plaintiff in this action, defendant in Tribble missed the deadline to appeal the state court order which he later claimed was invalid.) The court further concluded that even if Rooker-Feldman did not apply, the doctrine of res judicata would defeat defendant's counterclaims. It then analyzed plaintiff's claim within the context of the interpleader action and determined that under principles of res judicata, the Michigan state court order – which found itself to be a QDRO – was entitled to preclusive effect under Michigan law. Id. at 752. The court therefore concluded that plaintiff was entitled to the funds on deposit. Id. at 755.

Dated this 16th day of August, 2011 at Kansas City, Kansas.

>                             s/ Kathryn H. Vratil
>                             Kathryn H. Vratil
>                             United States District Judge