## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JUDY BUTLER MCHENRY,                      )
Administrator Of the Estate of Leo F. Butler,   )
                                          )
          Plaintiff,                      )
                                          )          CIVIL ACTION
v.                                        )
                                          )          No. 08-2622-KHV
FRANKLIN BURCH, Administrator of the      )
Estate of Kenneth Lee Butler,             )
                                          )
          Defendant.                      )
_____ )

### MEMORANDUM AND ORDER

This matter is before the Court on the <u>Memorandum And Order And Order To Show Cause</u> (Doc. #86) dated August 16, 2011.  In that order, the Court vacated the dismissal of interpleader plaintiff Colgate-Palmolive Company, Inc. and directed the parties to show cause in writing why, under principles of res judicata and collateral estoppel, it should not enter an order directing the Clerk to disburse interpleader funds as ordered on June 28, 2007 by the District Court of Wyandotte County, Kansas, Case No. 06P268: $63,640.50 to the Estate of Leo E. Butler and $176,359.50 to the Estate of Kenneth Lee Butler.  In doing so, the Court admonished the parties to consider its prior order, which concluded that the Court lacks jurisdiction to evaluate the propriety of the underlying state court order of distribution or the state court's authority to issue such an order.

The parties have responded.  As before, Burch argues that the funds should be disbursed as directed by the state court.  McHenry reiterates the arguments which she made in opposition to Burch's summary judgment motion.

While acknowledging the Court's authority under 28 U.S.C. §2361 to hear and determine the interpleader case, interpleader plaintiff Colgate opposes res judicata and argues that the Court should disburse the funds according to the terms of its Plan.  This position is inconsistent with Colgate's status as a disinterested stakeholder in an interpleader action under 28 U.S.C. § 1335. In its motion to deposit the interpleader funds, Colgate claimed to be a mere stakeholder of the special retirement benefits sought by McHenry and Burch.  Doc. #33, ¶9.  Indeed, when it asked the Court to vacate its dismissal and reinstate the interpleader proceedings, Colgate reaffirmed its position as a disinterested stakeholder and noted that after reinstating it as interpleader plaintiff, the Court could proceed with the normal interpleader process to determine the rights of McHenry and Burch to the funds.  Doc. #81 at 1, 4.  See Life Ins. Co. of N. Am. v. Jenkins-Dyer, 08-CV-2129-KHV, 2009 WL 297481, *2 (D. Kan. Feb. 6, 2009) (typical interpleader case follows two stages: (1) propriety of interpleader jurisdiction and dismissal of stakeholder and (2) rights of claimants to interpleaded funds).  Thus, Colgate's only concern as interpleader plaintiff is to ensure that the funds are distributed, not how.

No party has shown cause why the Court should not direct disbursement of the funds as ordered by the District Court of Wyandotte County, Kansas on June 28, 2007.

**IT IS THEREFORE ORDERED** that the Clerk shall hereby disburse the interpleader funds as follows: (1) the $240,000 principal amount shall be disbursed $63,640.50 to the Estate of Leo E. Butler and $176,359.50 to the Estate of Kenneth Lee Butler; and (2) the remaining funds, which represent deposited and accrued interest, shall be divided and disbursed 26.52 per cent to the Estate of Leo E. Butler and 73.48 per cent to the Estate of Kenneth Lee Butler.

Dated this 19th day of January, 2012 at Kansas City, Kansas.

2

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge